UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER THOMPSON,

        Plaintiff,

                                CASE NO. 2:15-CV-13897
v.                           HONORABLE DENISE PAGE HOOD

PAROLE BD. MEMBERS., et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND SEVERANCE OF CLAIMS

### I.  INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.  In his complaint, which is lengthy and somewhat rambling, Michigan prisoner Lanier Thompson ("Plaintiff") appears to bring claims concerning his denial of release on parole (collectively "parole claims"), as well as claims concerning prison misconducts and the conditions of his confinement (collectively "misconduct claims" and "confinement claims"). As to the parole claims, he asserts that the Michigan Parole Board is unfairly denying him parole and proper interviews in violation of his contractual and due process rights.  As to the misconduct claims, he

asserts that he has been improperly charged with misconducts and put in segregation and challenges the fairness of those proceedings.  As to the confinement claims, he asserts that he has been subject to improper conditions in prison, including assaults, discrimination, and inadequate health care.  He names members of the Michigan Parole Board, a Michigan Department of Corrections hearing administrator, two hearing officers, and a hearing investigator as the defendants in this action.  He seeks monetary damages, injunctive relief, and release from custody without having to serve time on parole.

Having reviewed the complaint, the Court dismisses the misconduct and confinement claims based upon misjoinder and dismisses the parole claims for failure to state a claim upon which relief may be granted and based upon the immunity of the Parole Board members.

## II.  DISCUSSION

### A.  Misjoinder

Because Plaintiff brings multiple claims against multiple defendants in this action, the issue of misjoinder arises.  Federal Rule of Civil Procedure 21 authorizes a federal court to sua sponte dismiss or sever parties and claims in a civil action due to misjoinder.  Rule 21 provides:

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).  This does not mean, however, that parties should be given free reign to join multiple plaintiffs or multiple defendants into a single lawsuit when the claims are unrelated.  *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778  (E.D. Mich. 2009) (adopting magistrate judge's report).  Prisoners should also not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's

3

three strikes provision. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties.[1]  Rule 18(a) provides:  "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Rule 20(a)(2) addresses when multiple defendants may be joined in one action.  It provides:  "Persons ... may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18.  *Proctor*, 661 F. Supp. 2d at 778.  When joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

In this case, Plaintiff has not met the two-part test of Rule 20(a)(2) for

---

[1]Federal Rule of Civil Procedure 19 concerns the required joinder of parties and is inapplicable to the case at hand.  Fed. R. Civ. P. 19.

4

the joinder of multiple defendants.  His first series of claims, referred to

collectively as parole claims, concern his denial of release on parole.

While those claims arise out of the same transaction, occurrence, or series

of transactions or occurrences as each other, they do not arise out of the

same transaction, occurrence, or series of transactions or occurrences as

his misconduct claims and his condition of confinement claims.  Those

claims concern different facts, different time frames, different legal

standards, and different defendants (or potential defendants).  Given such

circumstances, the Court finds that joinder of the multiple claims with

different multiple defendants in this one civil rights action is inappropriate.

The remaining question is whether severance or dismissal of the

mis-joined parties and claims is warranted.  As discussed, Federal Rule of

Civil Procedure 21 gives the Court discretion to invoke either remedy "on

just terms."  Several federal courts have interpreted "on just terms" to mean

"without gratuitous harm to the parties."  *See Harris v. Gerth*, No.

08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing

cases).  Misjoinder of parties is not sufficient to dismiss an action as a

whole under Rule21, but it can be sufficient to dismiss misjoined parties.

*Id.* at *4.  In the event of a misjoinder, the court has two remedial options:

5

1) misjoined parties may be dropped on such terms as are just, or, 2) any claims against misjoined parties may be severed and proceeded with separately.  *Carney v. Treadeau,* 2008 WL 485204, *2 (W.D. Mich. 2008). In the interests of judicial efficiency and economy, the Court severs the "parole claims" from the "misconduct and condition of confinement claims." The Court addresses the "parole claims" and the corresponding defendants below.  The "misconduct and condition of confinement claims" will be severed from this case number based upon misjoinder[2] and a separate case number with the corresponding defendants (the hearing administrator, two hearing officers, and the hearing investigator) will be opened by the Clerk.  *See, e.g., Proctor v. Applegate,* 661 F. Supp. 2d 743, 781-83 (E.D. Mich. 2009).

## B.  Parole Claims

---

[2]Plaintiff does not allege facts showing that the Parole Board members are involved in prison misconduct proceedings, are responsible for his care in prison, or are otherwise personally involved in the events underlying such claims.  It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983.  *See Monell v. Department of Social Svs.,* 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis,* 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections,* 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to state a claim upon which relief may be granted under § 1983 against the Parole Board members as to such matters.

6

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The

7

purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v.*

8

*Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

In this case, Plaintiff challenges the denial of his release on parole and the parole interview process and names Michigan Parole Board members as defendants. Plaintiff alleges violations of various rights, particularly his due process rights. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

The United States Supreme Court has definitively held that there is no right under the United States Constitution for a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *see also Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 458-59 (6th Cir. 2006)).

9

While there is no federal constitutional right to parole, a convicted person may have a liberty interest in parole created by a State's laws, which is subject to constitutional protection. *Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). A state does not have a constitutional duty to establish a parole system, and the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole. *Greenholtz,* 442 U.S. at 7, 11; *see also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a protected liberty interest exists only if state law entitles a prisoner to release on parole.

Recognizing the "broad powers" of Michigan authorities to deny parole, the United States Court of Appeals for the Sixth Circuit has specifically held that Michigan law does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Courts within this district have followed suit and ruled that the State of Michigan has not established a liberty interest in parole. *See, e.g., Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001). The Michigan Supreme Court has also recognized that there is no liberty interest in parole in Michigan. *See Glover v. Mich. Parole Bd.*, 460 Mich. 511, 596 N.W.2d 598, 603-04

(Mich. 1999).

The Sixth Circuit has further held that the failure to grant a Michigan prisoner a parole interview during the parole review process does not implicate federal due process.  *See Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014) (affirming district court's dismissal of due process claim arising from Michigan Parole Board's actions in sending the prisoner an interview notice, but not conducting the interview nor explaining why it was not held, because the prisoner had no liberty interest in parole); *Irvin v. Michigan Parole Bd.*, 221 F.3d 1334 (table), 2000 WL 800029, *2 (6th Cir. 2000) (prisoner had no liberty interest in parole or parole interview such that he failed to state a claim for the violation of his procedural due process rights); *Neff v. Johnson*, 983 F.2d 1068 (table), 1993 WL 11880, *1 (6th Cir. Jan. 21, 1993) (no protected liberty interest in parole interview under Michigan law).

Similarly, any state denial of parole, even if erroneous or based upon inaccurate information, implicates no federal right.  *See Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006) (stating that "even if the Parole Board relied on inaccurate information to deny [the petitioner] parole, it did not violate any liberty interest protected by the United States Constitution"

11

and affirming dismissal of similar claim); *Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004) (ruling that Michigan prisoner could not bring a § 1983 action to challenge information provided to, or considered by, the Parole Board). Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to his claims concerning the denial of his release on parole. His parole claims must be dismissed.

Plaintiff's claims against the Parole Board members are also subject to dismissal based upon immunity. To the extent that Plaintiff sues the Parole Board members in their official capacities and seeks monetary damages and injunctive relief, his claims are barred by the Eleventh Amendment. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir.

12

2005).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Because the Michigan Parole Board is an entity within the Michigan Department of Corrections, it is entitled to Eleventh Amendment immunity. *Lee v. Michigan Parole Board*, 104 F. App'x 490, 492 (6th Cir. 2004); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001).  The defendant Parole Board members are similarly entitled to Eleventh Amendment immunity.  *Will*, 491 U.S. at 70-71.  Plaintiff's claims against the Parole Board members in their official capacities must be dismissed.

To the extent that Plaintiff sues the Parole Board members in their individual capacities and seeks monetary damages, his complaint is also subject to dismissal based upon absolute immunity.  Parole Board members are absolutely immune from liability for their conduct in parole cases when they are exercising their decision-making powers.  *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005).  Plaintiff's claims for monetary damages against the Parole Board members are subject to dismissal based upon absolute immunity.

### IV.  CONCLUSION

13

For the reasons stated, the Court concludes that the misconduct and confinement claims have been mis-joined in this action and are severed from this action and case number.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** those claims and Defendants Thomas O. Mohrman, Richard Russell and Hearing Investigator Jacobsen from this action and case number only.  This dismissal is without prejudice to the filing of the complaint already filed in this case number by the Clerk and that the only Defendants Thomas O. Mohrman, Richard Russell and Hearing Investigator Jacobsen are named as Defendants in the new case number.  The Court makes no determination as to the procedural or substantive merits of the allegations against these Defendants.

The Court also concludes that Plaintiff fails to state a claim upon which relief may granted under 42 U.S.C. § 1983 as to his parole claims and that the Michigan Parole Board Members are entitled to Eleventh Amendment immunity and absolute immunity.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) as to those claims and the Defendants Michigan Parole Board Members, Barbara Sampson, Jerome Warfield, Charce Brown, Anthony King and Michael Eagan.

14

Because of the dismissal of Plaintiff's claims, Plaintiff's Motion for Appointment of Counsel and for Class Certification (No. 4) are **MOOT**.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

**IT IS SO ORDERED**.

s/Denise P. Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  December 30, 2015

15