UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER THOMPSON,

    Plaintiff,

v.

                CASE NO. 15-CV-13897
                HONORABLE DENISE PAGE HOOD

PAROLE BD. MEMBERS., et al.,

    Defendants.
_____/

## ORDER DENYING REQUEST TO REOPEN CASE

    This matter is before the Court on Plaintiff'S Request to Reopen Case. On December 30, 2015, the Court entered an Order of Summary Dismissal and Severance of Claims. (Doc. No. 9)  For the reasons set forth below, the Court denies the request.

    An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).  The Local Rules of the Eastern

District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds Plaintiff is re-hashing the same arguments raised in his previous submissions to support his claim that the Parole Board Members erred in denying his parole. Plaintiff has not demonstrated a palpable defect by which the Court was misled.

Accordingly,

IT IS ORDERED that Plaintiff's Request to Reopen the Case (**Doc. No. 9**) is DENIED.

IT IS FURTHER ORDERED that any appeal from this Court's Order is frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: April 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 29, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3